UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL JOSEPH DEPATTY,

          Plaintiff,

v.

HURON COUNTY SHERIFF'S
DEPARTMENT, ET. AL,

          Defendants.
_____/

Case No. 1:17-cv-12003
Hon. Thomas L. Ludington

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

Michigan prisoner Michael Joseph DePatty has filed a pro se civil rights complaint. Compl., ECF No. 1. Plaintiff DePatty is incarcerated at the Huron County Jail in Bad Axe, Michigan. The complaint alleges that the Defendants—two police departments and three named law enforcement officers—used excessive force when Plaintiff was arrested after a traffic stop in violation of his Fourth Amendment rights. Plaintiff seeks monetary damages in the amount of $3,000,000. Compl. at 4.

**I.**

Plaintiff has been granted leave to proceed without prepaying the filing fee for this action. The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams, Sr.*, 490 U.S. 319, 325 (1989).

## II.

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

> The factual allegations in Plaintiff's complaint state in full:
>
> During my arrest, 3 officers (Swartz, Knablock, and Ford), use an unnecessary amount of force to restrain and arrest me. A body cam video with audio recording and testimony from the 3 involved officers support my claim. I informed the officers, during my arrest, that I had a medical condition and that they were hurting me, to which Ford responded "shut the fuck up." I told them I was not resisting, they had me pushed up against my vehicle and I was trying to use my arms to protect myself from injury. This occurred on February 10, 2017, approx. 2100 hrs, Bad Axe, MI.

Compl. at 3.

This thread-bare statement of facts fails to state a claim. Under the Fourth Amendment, individuals have a right to be free of excessive force when police make an arrest. *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989). The Supreme Court has held, however, that "not every push or shove, even if it may later seem unnecessary . . . violates the Fourth Amendment." *Id.* at 396. An excessive-force claimant must show something more than the use of "de minimis force" causing only a "trifling injury" in order to sustain a claim. *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir.2008); *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (explaining that the Constitution does not prohibit "de minimis uses of physical force" so long as "the use of force is not of a sort repugnant to the conscience of mankind."). Here, Plaintiff does not even truly allege a de minimis use of force, stating only that the police officers "had me pushed up against my vehicle." Moreover he does not allege any injury, stating only that "they were hurting me." Accordingly, Plaintiff's complaint fails to state an excessive force claim under the Fourth Amendment.

Finally, two of the named defendants, the Huron County Sheriff's Department and the Bad Axe Police Department, are not legal entities capable of being sued. Police departments are not "persons" for purposes of a § 1983 action. *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) ("[T]he police department is not a legal entity against whom a suit can be directed"); *Pierzynowski v. City of Detroit Police Dep't*, 941 F. Supp 633, 637 (E.D. Mich. 1996); *Moomey v. Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980). Accordingly, Plaintiff's claims cannot be pursued with respect to these two named defendants.

## III.

Accordingly, it is **ORDERED** that the complaint, ECF No. 1, is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further **ORDERED** that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED.**


Dated: June 28, 2017

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2017.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager